**The PEOPLE of the State of Colorado, Complainant,**

v.

**David Lee MOORE, Attorney-Respondent.**

**No. 83SA95.**

Supreme Court of Colorado, En Banc.

Jan. 30, 1984.

James P. Hollaway, Committee Counsel, Linda D. Donnelly, Disciplinary Prosecutor, Supreme Court Grievance Committee, Denver, for complainant.

David Lee Moore, pro se.

LOHR, Justice.

David Lee Moore, you appear before the Colorado Supreme Court to receive a public censure based upon your professional misconduct. You were admitted to the bar in 1974, are registered as an attorney, and are subject to the jurisdiction of this Court and of its Grievance Committee with respect to your conduct as an attorney.

Proceedings were conducted before a hearing board of the Grievance Committee based upon a formal complaint filed by the disciplinary prosecutor. Although you were served, you failed to answer, a default was entered against you, and the allegations in the formal complaint were deemed admitted. *See* C.R.C.P. 241.13(b). Thereafter, at the scheduled dispositional hearing, you appeared, and orally moved that the default be set aside. The hearing board denied this motion because you did not show that your failure to answer the formal complaint was the result of mistake, inadvertence, surprise, or excusable neglect. *See Id.* The dispositional hearing was continued, however, and you were allowed to appear at the continued hearing.

After the dispositional hearing was completed, the hearing board made written findings and conclusions and recommended specific discipline. We now summarize the hearing board's determinations. The board found that you supplied to an Oregon sheriff a $20.00 check drawn on your trust account in payment of a fee for serving certain legal documents. After learning that your check had been returned because of insufficient funds, a sheriff's officer called to advise you of this fact, and you assured him that you would supply a certified check that same day. When the check was not received as promised, an Oregon sheriff's officer filed a complaint with the Grievance Committee. Upon learning of this filing, your promptly forwarded a money order to the Oregon sheriff to cover the deficiency.

In the course of investigating the Oregon sheriff's complaint, counsel for the Grievance Committee obtained a copy of the bank records of the account on which your insufficient funds check was drawn. Inspection of those records revealed that your trust account was your only checking account during 1980. Moreover, one month early in that year you used the account for personal as well as business expenditures. Your bank records also reflected that you had issued more than sixty checks that were rejected by the bank for insufficient funds during the period from December 11, 1974, to October 9, 1980. The hearing

board found that you repeatedly issued checks from your law office account knowing that they would not be paid by the bank. This conduct violated DR 1–102(A)(4) and (6) (conduct involving dishonesty, fraud, deceit or misrepresentation; conduct adversely reflecting on fitness to practice law). The board also found that you mixed personal and business funds with client cost funds, thus preventing compliance with the accounting requirements of DR 9–102(B)(3) and (4) (maintaining complete records and rendering appropriate accounts concerning client funds; and delivering client funds to the client as requested).

Based on a separate series of events, the hearing board found that you were guilty of delay and neglect in handling an adoption proceeding on behalf of certain clients. Specifically, you informed your clients that a social services evaluation of their home would occur before the scheduled adoption hearing, but upon learning that such would not be the case, you neglected to advise your clients of the change and were unavailable to answer their inquiries concerning the matter. In addition, after the adoption was completed you promised your clients that you would obtain a birth certificate and forward it to them within a few weeks. In fact, ten months later you still had not ordered the birth certificate for the adopted child and you obtained and forwarded it only after the clients had filed a complaint with the local bar association concerning the delay. The hearing board found that this neglect and delay violated DR 6–101(A)(3) (neglect of a legal matter).

Finally, although you requested additional time to respond to the informal complaints, you did not answer them. The hearing board concluded from your inaction that you had failed to cooperate with the Grievance Committee in violation of C.R. C.P. 241.6(7) (failure to respond to a request by the Grievance Committee without good cause) and that you violated DR 1–102(A)(5) and (6) (conduct prejudicial to the administration of justice; conduct adversely reflecting on fitness to practice law).

In arriving at its recommendation for discipline, the hearing board noted that you had represented that you were ignorant of the full requirements regarding proper handling of client accounts but that you did not commingle or steal client funds. The board also noted that you had stated that your conduct stemmed from personal financial difficulties during the period when you were running for state representative and that none of the misconduct resulted in harm or injury to your clients. The board also observed that you had been very active in civic affairs in Colorado Springs, that you were taking positive steps "to get back on [your] feet," and that you had a general reputation in the legal community for competence, diligence and integrity. On the other hand, the hearing board considered the fact that you had recently received a letter of admonition for neglecting a client's affairs and charging an excessive fee.

Based upon the foregoing circumstances, the hearing board recommended that you receive a private censure upon certain conditions, including the requirements that you undergo psychological evaluation, pursue any recommended course of treatment resulting from the evaluation, and furnish a report of the same to committee counsel. Certain other conditions also were imposed with the express provision that if you should fail to comply with each of those conditions the private censure would be vacated and the Colorado Supreme Court would issue a public censure for your misconduct. The hearing committee accepted these recommendations, as did the court, and on July 7, 1983, you were issued a private censure consistent with those recommendations.

On September 6, 1983, the Grievance Committee, through committee counsel, gave notice to the court that you had failed to comply with the condition that you obtain a psychological evaluation. Committee counsel represented that he wrote to you on August 15, 1983, and asked for an explanation, but that you did not respond; and that he telephoned you on August 24, 1983, but that you did not return the call. Therefore, this Court entered an order directing you to show cause why the private

censure should not be withdrawn and a public censure imposed for your professional misconduct. This order was duly served upon you and an answer was due on September 26, 1983. You did not respond to that order to show cause.

Therefore, David Lee Moore, we withdraw the private censure previously issued and publicly censure you for your misconduct described in this opinion. This public censure shall remain on file with this court and may be considered by us in the event you should commit further violations of the Code of Professional Responsibility.